UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| STEVEN LE ANDRE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Civil No. 11-152-GFVT |
| ) | |
| v. ) | |
| ) | |
| K. BENNETT BAKER, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Before the Court, is the motion to dismiss, or in the alternative summary judgment, filed by the Defendants Karen Bennett, Beth Burchett, Adam Morrow, Richard Ramirez, and Jorge Vazquez-Velazquez. [R. 13.]  In it they allege that the Plaintiff Steven Le Andre Johnson failed to state a claim for which relief can be granted.  [*Id.*]  Johnson has not responded to this motion.

**I.**

On May 27, 2011, Johnson filed his complaint in this matter, alleging that medical staff at the United States Penitentiary - McCreary in Pine Knot, Kentucky, had failed to provide adequate medical treatment for recurring seizures.  [R. 2 at 2-4.]

On September 29, 2011, the Defendants filed their motion, contending that as a threshold matter Johnson has not filed any administrative remedies regarding his claims of inadequate medical treatment while housed at U.S.P. - McCreary, thus requiring dismissal for failure to satisfy the exhaustion requirement of 28 U.S.C. § 1997e(a).  [R. 13 at 3, 5-7.]  The Defendants include printouts from the Bureau of Prisons' SENTRY database, including Johnson's administrative remedy history, and the affidavit of Carlos Martinez, as evidence to support this

1

claim. [R. 13-2; 13-4.] The Defendants also move to file the declaration of Richard Ramirez and certain exhibits under seal because they contain sensitive medical information regarding the plaintiff. [R. 14.]

## II.

More than two months have passed since the defendants filed their motions, and Johnson has not filed any response nor taken any other action in this case. The rules of this Court require a party opposing a motion to file a response within twenty-one days, and caution that a failure to file such a response is grounds to grant the motion. LR 7.1(c); *see Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008). However, when the motion is one that is potentially dispositive of the entire case, the court will not grant the motion solely on the ground that the opposing party has failed to respond unless the record establishes a pattern of delay or noncompliance with the court's orders sufficient to warrant dismissing the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Lovejoy v. Owens*, 1994 WL 91814, at *1 (6th Cir. March 21, 1994) ("A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."). Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed. *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005). Because such a warning was not issued in this case, the Court will not dismiss the case for failure to prosecute.

With respect to the defendants' motion for summary judgment under Rule 56, their assertion that Johnson failed to exhaust his administrative remedies is an affirmative defense on which they bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Accordingly, to prevail on a motion for summary judgment they must demonstrate that there is no genuine dispute as to any material fact and that they are entitled to a judgment as a matter of law. *El v.*

2

*Southeastern Pennsylvania Transp. Authority (SEPTA)*, 479 F.3d 232, 237 (3d Cir. 2007).  Here, because Johnson did not file a substantive response to the Defendants' motion, the Court accepts their factual assertions as true.  *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992).

### III.

The evidence submitted by the Defendants indicates that Johnson filed an inmate grievance regarding his medical care on October 22, 2009, while housed at the Federal Correctional Institution in Marianna, Florida, and on August 11, 2011, while housed at the U.S.P. - Terre Haute.  [R. 13-1 at 3.]  These events occurred both before and after Johnson was housed at U.S.P. - McCreary from April 10, 2010 to May 5, 2011.  [R. 13-2 at 2.]  This evidence establishes that Johnson failed to exhaust his administrative remedies with respect to any claim regarding the adequacy of the medical care he received at U.S.P. - McCreary, and requires dismissal of the complaint without prejudice for failure to exhaust administrative remedies.

### IV.

Accordingly, it is **ORDERED** as follows:

1. The defendants' motion to file the declaration of Richard Ramirez and certain exhibits under seal [R. 14] is **GRANTED**.  The Clerk of the Court shall maintain the documents [R. 15] **UNDER SEAL** pending further order of the Court.

2. Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment [R. 13] is **GRANTED**.

3. Plaintiff's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.

4. The Court will enter a judgment contemporaneously with this order.

Entered this 24th day of April, 2012.

3



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge